**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**FERLIN HEAVENER**

       **Petitioner,**

**v.**                                    **Case No. 1:17cv13**
                                                   **(Judge Keeley)**

**KAREN PSZCZOLKOWSKI, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On February 2, 2017, the *pro se* Petitioner, Ferlin Heavener, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF No. 1. On March 27, 2017, the Petitioner paid the $5 filing fee.  ECF No. 12. On April 17, 2017, the Petitioner refiled his petition on the court approved form. ECF No. 16. The three grounds raised deal with the restitution he was ordered to pay as a result of his state court conviction.  On May 3, 2017, the undersigned Magistrate Judge conducted a preliminary review of the petition and found that summary dismissal was not warranted.  Accordingly, the Respondent was directed to show cause why the petition should not be granted. ECF No. 22.  On October 13, 2017, the Respondent filed his Response to the Petition [ECF No. 36], together with a Motion for Summary Judgment with supporting Memorandum and exhibits. ECF Nos. 35, 36, 37.  On October 16, a Roseboro[1] Notice was issued. ECF No. 38. On December 1, 2017, the Petitioner filed his Response in Opposition to the Respondent's Motion for Summary Judgment [ECF No. 46], and on December 11,

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)

2017, the Respondent filed a Reply. ECF No. 47.The matter is now ripe for this Court's review.

## II. <u>Background</u>

### A. <u>Petitioner's State Criminal Proceedings</u>

On September 17, 1998, the Petitioner, a Pendleton County elementary school teacher, was arrested on five charges of third degree sexual assault (West Virginia Code § 61-8B-5) involving one minor, identified herein as T.A. ECF No. 36-18 at 5. On November 4, 1998, the Petitioner was indicted in the Circuit Court of Pendleton County, West Virginia on 122 separate felony counts including 61 counts of sexual assault in the third degree (involving 5 minors: T.A., R.P., J.P., J.S., and J.V.); 60 counts of delivery of a schedule 1 controlled substance; and one count of sexual assault in the first degree. ECF No. 36-1. In summary, the Petitioner, an elementary school teacher, was accused of repeatedly providing multiple boys with marijuana before engaging in various sex acts with them. ECF No. 36-2.

On January 1, 1999, the Petitioner entered into a plea agreement with the State in which he agreed to plead guilty to five counts of Delivery of a Schedule 1 Controlled Substance and twenty counts of Sexual Assault in the third degree. ECF No. 36-4. The circuit court conducted a plea hearing on January 15, 1999. ECF No. 36-2. The Petitioner repeatedly confirmed that he understood the agreement, entered the plea voluntarily and had been promised nothing outside that which was contained in the written agreement. <u>Id.</u>

On April 6, 1999, the circuit court held a sentencing hearing and sentenced the Petitioner to the penitentiary for an indeterminate term of not less than one year nor

more than five years for each of the twenty sexual assault charges as well as a term of not less than one year nor more than five years for each of the five drug charges. ECF No. 36-5. The circuit court further ordered all the sexual assault and drug sentences to run consecutively to each other, but ordered the drug sentences to run concurrent to those for sexual assault. Id. Therefore, the Petitioner's effective sentence was a term of not less than twenty years nor more than one hundred years. The Petitioner was also ordered to make restitution, and the State was granted judgment against the Petitioner for treatment provided to one of the victims in the case in the amount of $144,164.16. Id. at 7. The Petitioner's objection to the amount was noted by the court. Id.

On June 1, 1999, the Petitioner filed a Motion for Reconsideration of Sentence. ECF No. 36-6. There was no mention of the restitution. Id. At the time of filing, it appears that the Petitioner and his family determined that the motion should not be argued sooner than one year after its filing. ECF No. 36-9 at 3. It appears that upon further discussion, it was decided not to request a hearing on the motion until the Petitioner had served nine years of his sentence, giving him the opportunity to gain the most possible from the sexual abuse therapy, the courses available and rehabilitation offered by the West Virginia Division of Corrections ("WVDOC"). Id. at 5.

In March of 2007, in an effort to begin working on his Motion for Reconsideration, the Petitioner apparently filed a petition with the Circuit Clerk of Pendleton County to obtain a copy of his file.The Petitioner believes that when the prosecuting attorney learned of the request, he set the Motion for Reconsideration for hearing on the next date the Circuit Court of Pendleton County was to return to Franklin. On April 4, 2007, the Circuit Court continued the matter, and counsel for the Petitioner became re-

involved. On May 16, 2007, during a scheduling telephone conference, the Petitioner, through counsel, made it known that he needed extensive time within which to prepare for the reconsideration hearing. The prosecuting attorney opposed a continuance of any duration. The Court set the mater for hearing on June 7, 2007. The Petitioner requested to be present for the hearing, to have a risk assessment performed, and to allow his witnesses to appear telephonically. The Court denied all these requests and directed defense counsel to prepare a proffer of what the Petitioner's expected testimony would be in support of the Motion for Reconsideration. ECF No. 36-9 at 5-6.

A hearing on the motion was held on June 7, 2007. ECF No. 36-7.  A proffer was made by counsel which included the Petitioner's efforts at rehabilitation, behavior while incarcerated, and efforts to assist the education of other inmates.  The prosecutor than argued that under Rule 35 of the Rules of Criminal Procedure, the Court has the authority and the right within four months of the time a sentence is imposed to reconsider the sentence and to consider factors that occurred within that period to determine whether or not some other sentence may be appropriate. The prosecutor argued that the statute was not designed to allow a defendant to file a motion and deliberately sit on it for eight years. By order entered on June 25, 2007, the circuit court denied the Motion for Reconsideration. ECF No. 36-8.

## B.  Petitioner's Appeal

The Petitioner, by counsel, filed a timely notice of appeal on October 9, 2007. The Petitioner presented five assignments of error, each regarding denial of the motion for reconsideration of sentence:

4

1.      error for the circuit court to deny the Petitioner appropriate time to prepare for his reconsideration hearing;

2.      error by Circuit Court to deny the Petitioner an opportunity to present witnesses in person, or by telephone, instead of by proffer;

3.      error by the circuit court in denying the Petitioner an opportunity to be present at his Motion for Reconsideration;

4.      abuse of discretion by the circuit court in not granting the Petitioner a reconsideration of his sentence; and

5.      error by the circuit court in not vacating the sentences for the five controlled substance charges.

ECF No. 36-9. On October 23, 2007, the Respondent, State of West Virginia, presented its written response.[2] On January 24, 2008, the SCAWV refused the petition for appeal. ECF No. 36-10.

## C. Petitioner's Pro Se Motion for Formal Resentencing to Reinstate Appeal Rights

Sometime in August of 2009, the Petitioner filed a motion for formal re-sentencing to reinstate his appeal rights. In support of his motion, the Petitioner alleged that on May 20, 1999, he sent a letter and an affidavit of indigency to the clerk of the court requesting any and all documents pertaining to his criminal case. In response, the Court issued an order directing his then attorney, R. Mike Mullins, to furnish him with any of the requested information that he might have in his possession and to inform the Petitioner and the Court, in writing, what, if any, of the requested information he did not

_____

[2] The record before this Court does not contain that response, and the undersigned is only aware of the same by virtue of the order entered by the SCAWV denying the petition for appeal.

5

have so the court could consider providing the same to the Petitioner. According to the motion, Mr. Mullins never complied with the court's order. Moreover, the Petitioner alleged that prior to the sentencing hearing on April 6, 1999, Mr. Mullins specifically discouraged him from pursuing an appeal or indicating any interest in an appeal. In addition, the Petitioner further alleged that his counsel for the Rule 35(b) motion, John Ours, advised him to bypass any appeal or habeas petitions, and to focus solely on the Rule 35(b) motion. The Petitioner then alleged that both attorneys provided him ineffective assistance of counsel by discouraging him from pursuing an appeal, failing to respond to the court's June 4, 1999 order, and allowing the four months' time limit for filing an appeal to expire. ECF No. 36-12. On October 20, 2009, the circuit court denied the Motion for Formal Resentencing to Reinstate Appeal Rights. ECF No. 36-13.

**D.  Petition for Appeal from Denial of Resentencing**

On December 10, 2009, the Petitioner filed a *pro se* petition for appeal of the circuit court's denial of his motion for resentencing. ECF No. 36-14. On January 14, 2010, the SCAWV granted the petition for appeal and remanded the matter to the Circuit Court of Pendleton County for appointment of counsel and resentencing of the Petitioner for purposes of appeal. ECF No. 36-15.

**E.  Resentencing**

On April 12, 2010, a resentencing hearing was conducted by the Honorable Donald H. Cookman, circuit judge. The Petitioner appeared in person and with his counsel, Brian Vance. Although not contained in the record before this Court, it is clear that the Petitioner's *pro se* motion to withdraw his guilty plea was denied on April 8, 2010. ECF No. 36-16 at 3, lines 9-11. The Petitioner then presented an extensive

6

explanation of everything he had done while incarcerated in support of his request that the court consider a lesser sentence.

On April 26, 2010, the circuit court entered an order which sentenced the Petitioner to the same term of imprisonment as originally imposed. In addition, the Petitioner was again ordered to make restitution, and the State was granted judgment against him for treatment provided to one of the victims in the case in the amount of $145,164.16. The Petitioner's objection to the amount of restitution was preserved. ECF No. 36-17.

## F. **Direct Appeal**

On September 24, 2010, the Petitioner, by counsel, filed a petition for appeal challenging the April 12, 2010 order denying his motion to withdraw his guilty plea prior to resentencing. In addition, it challenged the April 26, 2010,order resentencing him to the same sentence originally imposed following his guilty plea. The petition raised 4 assignments of error: [1] error by the Circuit Court in denying the Petitioner a hearing on his Rule 32(e) Motion; [2] error by the circuit court in sentencing the Petitioner to incarceration instead of probation for his convictions on the five drug-related counts; [3] error by the Circuit Court in ordering the Petitioner to pay full and immediate restitution without a hearing to determine the practicality of such restitution and financial circumstances of the Petitioner; and [4] error by the Circuit Court for imposing a disproportionate sentence. ECF No. 36-18. The State filed a response on January 24, 2011. ECF Np. 36-19. The Petitioner filed a reply on March 7, 2011. ECF No. 36-20. On April 1, 2011, the SCAWV affirmed the circuit court's rulings by memorandum decision. ECF No. 36-21. With respect to the Petitioner's argument with regard to restitution, the

SCAWV found that the Circuit Court did not abuse its discretion. Subsequently, the Petitioner filed a Petition for Rehearing, and the state responded in opposition. ECF Nos. 36-22, 36-23. On May 12, 2011, the SCAWV denied the petition for rehearing. ECF No. 36-24.

## G. Petitioner's State Habeas Proceeding

On December 21, 2009, the Petitioner filed a Petition for Writ of Habeas Corpus Ad Subjiciendum in the Circuit Court of Pendleton County, which raised 8 grounds: [1] involuntary guilty pleas; [2] unfulfilled plea-bargain; [3] ineffective assistance of trial and appellate counsel; [4] prosecutor and police misconduct; [5] illegal sentences for drug related counts; [6] unfair restitution; [7] invalid indictment; and [8] disproportionate sentence. ECF No. 36-30. The Petitioner was appointed counsel who filed an amended petition, memorandum of law in support, and Losh list. ECF Nos. 36-31, 36-32, 36-33. Subsequently, the Petitioner filed a Second Amended Petition and Amended Memorandum of Law in Support which raised 8 grounds: [1] involuntary guilty plea; [2] unfulfilled plea-bargain; [3] ineffective assistance of trial and appellate counsel; [4] prosecutor and police misconduct; [5] unfair restitution; [6] invalid indictment; [7] disproportionate sentence; and [8] improper restitution. ECF Nos. 36-34, 36-35. With respect to the restitution, the Petitioner argued that the trial court did not consider his financial circumstances or the rehabilitative consequences prior to ordering restitution. The Petitioner relied wholly on West Virginia state law, and in particular State v. Lucas, 201 W. Va. 271, 496 S.E.2d 221 (1997) and West Virginia Code § 61-11 a-4 (f). ECF No. 36-35 at 12-13. The Petitioner also argued that pursuant to a recent case, State v.

8

McGill, 230 W.Va. 85, 736 S.E.2d 845 (2012), the restitution was improper because the State was not the victim in this case.

The State filed an Answer to the Petition on March 29, 2012. ECF No. 36-11. The circuit court held an omnibus hearing on March 10, 2014, and November 18, 2014. ECF Nos. 36-36, 36-37. During the hearings, the circuit court heard arguments of counsel and testimony from individuals including the Petitioner, his brother, his trial counsel, and prosecutors in the underlying criminal proceedings. Id. On March 9, 2015, the Circuit Court issued a 43 page "Order Denying Petitioner's Second Amended Petition for Writ of Habeas Corpus." ECF No. 36-11. In issuing its decision, the circuit court held that the issues of unfair restitution and improper restitution had been previously and finally adjudicated by the SCAWV and therefore, the Petitioner was not entitled to relief on those claims. Id. Furthermore, the Circuit Court found that "Petitioner did not make any allegations of any federal grounds in his Second Amended Petition or Memorandum and therefore, the [c]ourt ma[d]e no findings [therein]." Id. at 42. The court held that there was no merit to any of the Petitioner's additional claims. Id.

**H.  Petitioner's State Habeas Appeal**

On November 23, 2015, the Petitioner appealed the circuit court's denial of habeas corpus relief. ECF No. 36-38. The Petitioner's brief on appeal raised two assignments of error: [1] error in not finding that his trial counsel was ineffective; and [2] error in not granting relief on ground eight, wherein the trial court ordered the Petitioner to pay restitution to the State and not directly to a victim, in violation of the holding of State v. McGill. Id. The Petitioner specifically stated that he was only appealing the

Circuit Court's denial of relief as to grounds three (ineffective assistance of counsel) and eight (improper restitution). Id. at 5.

With regard to his ineffective assistance claim, the Petitioner asserted that his trial counsel induced him to plead guilty by making promises (reportedly made by the prosecutor) that he would (1) receive probation for the drug count; (2) "most likely" receive concurrent sentences on the sexual assault count; ( 3) serve his prison term at Huttonsville Correctional Center; and (4) receive assurances that the prosecutor would investigate and prosecute certain individuals who he claimed had previously sexually assaulted him. The Petitioner further claimed to have accepted the guilty plea because of the prosecutor's threat to prosecute his father for alleged witness tampering. Following a review of the record, the SCAWV found no error in the circuit court's assessment that no promises or threats were made to the Petitioner by his counsel, based on the Petitioner's own statements at the plea hearing that he was not promised anything or threatened. Accordingly, the SCAWV found no merit in his first assignment of error. ECF No. 36-41 at 5.

With respect to the Petitioner's second assignment of error, that the Circuit Court erred in denying his habeas petition on the ground that he was erroneously ordered to pay restitution to the State of West Virginia, the SCAWV noted that he had previously raised this issue in his direct appeal in 2010, and the Court addressed that issue on its merits in its 2011 memorandum decision. Therefore, the SCAWV found it was clear that it had previously decided the restitution issue after full and fair litigation in the direct appeal. Accordingly the Court found that *res judicata* applied and declined to address the matter further. ECF No. 36-41 at 5.

### III. <u>The Pleadings</u>

### A. <u>The Petition</u>

The Petitioner alleges three grounds for relief in his § 2254 Petition: [1] improper/illegal restitution; [2] his case has never been reviewed pursuant to <u>State v. McGill</u>; and [3] his case has never been reviewed under the possibility that if restitution is awarded to the State, a claim could be filed by the Pendleton County Board of Education. ECF No. 36-16.

### B. <u>Respondent's Motion for Summary Judgment</u>

The Respondent maintains that the Petitioner's three claims are not cognizable in a federal habeas corpus action and should be dismissed with prejudice on that ground. More specifically, the Respondent contends that issues relating solely to orders of restitution are not cognizable in federal habeas corpus matters. In addition, the Respondent contends that issues related to interpretation of state law which do not infringe upon specific federal constitutional protections are likewise not cognizable in federal habeas corpus matters.

In the alternative the Respondent argues that this court should dismiss the petition because the Petitioner has not exhausted his claims. More specifically, the Respondent argues that of the three grounds raised in his §2254 petition, grounds two and three were not fairly presented in the underlying state court proceedings. Although acknowledging that in his state habeas petition, the Petitioner raised the issue of improper restitution, his brief focused on the argument that <u>State v. McGill</u>, and the Victim Protection Act of 1984[3] applied and prohibited restitution in his case. The

---

[3] West Virginia Code § 61-11A-1.

11

Petitioner also argued that the "lower court has never explored the possibility that if restitution is to be awarded to the State, that a clam could [be] filed by the State of West Virginia against [his previous insurance company]." ECF No 36-38 at 13. However, in his § 2254 petition, the Respondent notes that the Petitioner appears to allege, for the first time, that his federal constitutional rights have been violated with respect to these two claims. The Respondent elaborates that while the claims appear similar, and the factual basis may be the same, the legal framework is not. Because his § 2254 petition is the first time that the Petitioner has raised the specter of federal constitutional violations related to two of his asserted grounds, the Respondent argues that the Petitioner has denied the state court the opportunity to address the claims that his federal constitutional rights have been violated, and therefore, this Court should decline to address the same as unexhausted.

## C.  Petitioner's Response to the State's Motion for Summary Judgment

In his response, the Petitioner maintains that the order requiring him to make restitution and granting the State judgment against him for treatment provided to one of the victims in the amount of $144,164.16 is an unreasonable application of clearly established Federal law and an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The Petitioner elaborates that the restitution "stipulation" is not for the treatment of one of his victims for anything the Petitioner did to him, but instead, was assessed for the treatment of an individual (J.V.) who was convicted as an adult sexual predator and who was sentenced to a state prison term which included adult sex offender treatment.[4] ECF Nos. 16-5 and 16-6.

---

[4] Based on exhibits provided by the Petitioner, J.V., who was one of his victims, in turn pleaded guilty on March 23, 1998, to one count of first degree sexual assault. The guilty plea exposed

12

Accordingly, the Petitioner argues that the "stipulation" is unconstitutional and a clear violation of his State and Federal due process rights. The Petitioner continues by arguing that he is not responsible for the treatment of an adult sexual predator received while incarcerated as a violent adult sexual predator. Moreover, the Petitioner argues that the State is not a direct victim of the Petitioner, and he objected to the restitution "stipulation" because J.V. was given treatment as a result of his own criminal acts. Therefore, he maintains that the Respondent is violating his state and federal due process rights by forcing him to essentially pay for the sex offender treatment that an adult sexual predator received while incarcerated as a violent adult sexual predator.

In addition, the Petitioner appears to allege that his § 2254 petition relates to the conditions of his confinement. In making this argument, the Petitioner sets forth the WVDOC's Policy Directive 11.906, which deals with the Financial Responsibility Program for Inmates and provides that the amount of money to be deducted from an inmate's earnings to satisfy restitution or any sum of money which the inmate has been ordered to pay an entity or individual by a court of competent jurisdiction shall be 40%. ECF No. 46-1 at 10. The Petitioner then argues that the legislature has authorized the WVDOC to deduct money from his account in violation of his due process rights.

---

J.V. to a potential penalty of 15-35 years' incarceration. Pursuant to the plea agreement, J.V. was placed in a juvenile treatment facility until his 18th birthday. If J.V. made satisfactory progress and the treatment facility believed that additional treatment, training or incarceration was necessary, the prosecutor would request imposition of an indeterminate term of six months to two years at the Anthony Center, and thereafter, J.V., who was a juvenile, would be placed on probation as required by law.  However, if the Court found it unnecessary to send J.V. to the Anthony Center, then he would be sentenced as an adult to an indeterminate sentence in the penitentiary of not less than 15 nor more than 35 years with the sentence being suspended, and J.V. being placed on probation. ECF No. 16-5. On April 16, 1999, the Circuit Court of Pendleton County considered the evidence and determined that J.V. was no longer a sexually violent predator. Accordingly, J.V.'s 15-35 year sentence was suspended, and he was placed on probation for a period of five years. EC No. 16-6.

D. **Respondent's Reply**

In reply, the Respondent maintains that the Petitioner's response is essentially unresponsive to her Motion for Summary Judgment. More specifically, the Respondent maintains that the Petitioner has failed to identify any valid reason to deny her motion. The Respondent stresses that the Petitioner's pending habeas petition only raises issues with his restitution, and he cannot challenge restitution in this proceeding because it does not relate to the validity or duration of his confinement. In addition, the Respondent argues again that the imposition of restitution involves the interpretation of state law which cannot be challenged in a federal habeas proceeding. Finally, the Respondent notes that the Petitioner has failed to offer any meaningful response to her alternative claim that the petition should be dismissed because he failed to exhaust at least two of the three grounds because they contain claims which were not fairly presented in the underlying state proceedings.

## IV. Legal Standard

Title 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim" is:

14

> (1) contrary to, or involves an unreasonable application of clearly
> established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) based on an unreasonable determination of the facts in light of
> the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, the Federal Court uses a "highly deferential lens." DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application clauses of § 2254)(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted). A habeas writ may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." Id. at 300-01 (internal marks omitted).

15

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. A federal court may not issue a writ under the standard "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established Federal law erroneously or incorrectly. Rather, the application must also be unreasonable." Williams, 529 US at 365.

In the instant case, the Respondent has moved for summary judgment. Summary judgment under Rule 56 of the Federal Rules of Civil Procedure "applies to habeas proceedings." Brandt v. Gooding, 636 Fed 3d 124, 132 (4th Cir. 2011) (quoting Maynard v. Dixon, 943 F.2d 407, 412 (4th Cir. 1991)). Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). "[A] fact or facts are material if they constitute a legal defense, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail." Charles Alan Wright, Arthur R. Miller & Mary K Kane, Federal Practice and Procedure: Civil § 2725 (3d ed. 2005). On the other hand, a fact is not material when it is of no consequence to the outcome, or is irrelevant in light of the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Assertions of material facts must be supported by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). In addition only

genuine disputes over material facts "will properly preclude the entry of summary judgment." Anderson, 477 US at 248; JFK Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). A dispute is "genuine" when "there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party." Cox v. Cnty of Prince William, 249 Fed. 3d 295, 299 (4th Cir. 2001) (citing Anderson, 477 US at 248).

Motions for summary judgment impose a heavy burden on the moving party as it must be obvious that no material facts are in dispute and no rational trier of fact could find for the nonmoving party. See Miller v. F.D.I.C., 906 F.2d 972, 974 (4th Cir. 1990). Nevertheless, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. Anderson, 477 US at 252. While any permissible inferences to be drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587- 88 (1986), "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Anderson, 477 U.S. at 249-50).  With these standards in mind, the undersigned considers the two grounds raised by the Petitioner.

## V. Analysis

It is clear from the Petitioner's federal habeas petition that he is not attacking his plea agreement, conviction, or the length of his sentence. Instead, his claim for relief centers solely on the restitution he was ordered to pay. However, a state prisoner may obtain habeas corpus relief "only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief. See, e.g., Wilkerson v. Dotson, 544 U.S. 74 (2005); Daniels v. United States, 532 U.S. 374 (2001). An alternate explanation of this basic principle is that a habeas corpus petition must attack the fact or duration of one's sentence, if it does not, it does not state a proper basis for relief under § 2254 or § 2255. Moran v. Sondalle, 218 F.3d 647 (7th Cir. 2000).

It is clear that the Petitioner is "in custody" with respect to his conviction in the Circuit Court of Pendleton County. According to the WVDOC website, his next parole hearing is December 31, 2018, and while his maximum parole discharge date is not available, his projected release date is December 30, 2048.  However, he is not "in custody" with respect to his claims challenging the restitution order. See Bailey v. Hill, 599 F.3d 976, 981 (9th Cir. 2010) (concluding that being "in physical custody while attacking [a] restitution order is insufficient to confer jurisdiction" over a habeas petition because "the elimination or alteration of a money judgment, does not directly impact  -- and is not directed at the source of the restraint on – his liberty"); Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009) (incarcerated prisoner's claim challenging only the calculation of the amount owed in restitution is not a proper habeas claim.

Furthermore, a petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies.  See 28 U.S.C. §2254(b).  Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the Petitioner has first exhausted his state remedies.  Castille v. Peoples, 489 U.S. 346, 349, reh'g denied, 490 U.S. 1076 (1989).  To exhaust state remedies, a habeas Petitioner must fairly present

the substance of his claim to the state's highest court.  Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997).  "A claim is fairly presented when the Petitioner presented to the state courts the substance of his federal habeas corpus claim.  The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined."  Id. at 911.  "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a Petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the WVSCA.  See Moore v. Kirby, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F.Supp. 113, 114 (N.D. W.Va. 1993).  A federal court may only consider those issues the Petitioner presented to state court.  Picard v. Connor, 404 U.S. 270 (1971). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. §2254(c).

In addition, it is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), cert. denied, 523 U.S. 371 (1998).  "The exhaustion requirement is not satisfied if the

Petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas Petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the Petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Finally, a Petitioner must show that the claims he raised in the state proceedings are the exact same claims he is raising in a federal habeas petition. See Pitchess v. Davis, 421 U.S. 482, 487 (1975); see also Picard v. O'Connor, 404 U.S. 270, 275 – 76 (1971). "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (internal citations omitted). Not only must the claim itself be the same, but the same factual grounds must be raised in support of the claims in state court as in federal court, and a specific federal constitutional claim must be raised in the state proceedings. Id.

In the instant case, at least two grounds contain claims which were not fairly presented in the underlying state proceedings. As discussed above, in his appeal of his state habeas corpus petition, the Petitioner raised the issue of improper restitution. ECF No. 36-18. However his brief focused on the argument that State v. McGill and the

Victim Protection Act of 1984 applied and prohibited restitution in his case. He also argued that the "lower court has never explored the possibility that if restitution is to be awarded to the State, that a claim could [be] filed by the State of West Virginia against [his previous insurance company]." Id. at 13. However, nowhere does he rely on any federal law or even mention the word "federal." The Petitioner now appears to allege a violation of his general constitutional rights, and in his response to the Motion for Summary Judgment, specifically raised due process under the 14th Amendment. However, he did not raise any federal constitutional right in his appeal of his state habeas petition. Accordingly, he has deprived the state court the opportunity to address the claims he now raises, that is, that his federal constitutional rights have been violated. Therefore, this petition raises at least two unexhausted claims and is a mixed petition.

In Rose v. Lundy, 455 U.S. (1982), the United States Supreme Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. At the time the Supreme Court issued that decision, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had not been enacted, and there was no statute of limitations on federal habeas corpus petitions.[5] Therefore, dismissal without prejudice did not preclude a petitioner from returning to federal court once his claims were exhausted in state court proceedings.

---

[5] Pursuant to AEDPA, a one-year limitation period within which to file a federal habeas corpus motion was established.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005).  When "a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. . . Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion." Id. at 275.  Accordingly, the Supreme Court has held that a federal district court may, under some circumstances, stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims. Nonetheless, a stay and abeyance procedure, "if employed too frequently, has the potential to undermine [the] twin purposes" of the AEDPA to reduce delays in the execution of state and federal criminal sentences and to encourage petitioners to seek relief in state court in the first instance. Rhines, 544 U.S. at 277. Therefore, stay and abeyance procedures are only available in limited circumstances.[6] Id.

In the instant case, the undersigned believes that granting a stay and abeyance would serve no purpose.  Even if the Petitioner returned to state court and attempted to exhaust his due process claim with respect to his court-ordered restitution[7], this court

---

[6] Those circumstances include instances in which the petitioner has shown good cause for his failure to exhaust, that his unexhausted claims are potentially meritorious, and where there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

[7] It would appear that the Petition has procedurally defaulted his due process claim, and it is quite likely that the state court would summarily dismiss his attempt to raise a due process claim in light of the fact that he has a prior omnibus habeas corpus hearing which is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known. West Virginia Code § 53-4A-1(c).

would still lack jurisdiction to entertain his arguments in a habeas action. Whether presented as state law claims or federal constitutional claims, a habeas petition raising only allegations regarding restitution, does not provide an appropriate basis for federal habeas relief.

## VI.   Recommendation

For the reasons set forth above, the undersigned recommends that the Respondent's Motion for Summary Judgment [ECF Nos. 36] be **GRANTED**, and this matter be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.   A copy of any objections should also be submitted to the United States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th  Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide a copy of this Report and Recommendation to counsel of record via electronic means.

Upon entry of this Report and Recommendation, the Clerk of Court is further

**DIRECTED** to terminate the Magistrate Judge association with this case.


DATED: July 2, 2018


/s Robert W. Trumble

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE