IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FERLIN HEAVENER,**

  **Petitioner,**

**v.      //  CIVIL ACTION NO. 1:17CV13**
          **(Judge Keeley)**

**KAREN PSZCZOLKOWSKI, Warden,**

  **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 51]

On February 2, 2017, the pro se petitioner, Ferlin Heavener ("Heavener"), mailed a letter to the Clerk of Court, indicating that he wished "to appeal the Memorandum Decision of the West Virginia Supreme Court of Appeals" that denied him state habeas corpus relief (Dkt. No. 1). On April 17, 2017, Heavener utilized the court-approved form to file his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Dkt. No. 16). Heavener contends that the State of West Virginia improperly imposed restitution in the amount of $144,164.16. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the Petition to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review.

The respondent moved for summary judgment on October 13, 2017, arguing that Heavener's claims were not cognizable under § 2254 or, in the alternative, that he had failed to exhaust all of his claims in state court (Dkt. No. 37). On July 2, 2018, Magistrate Judge Trumble entered a Report and Recommendation ("R&R") recommending

that the Court grant the respondent's motion (Dkt. No. 51). He reasoned that the Court does not have jurisdiction under § 2254 to entertain claims regarding restitution because Heavener is not "in custody" with regard to those claims. Id. at 18. The R&R also informed Heavener of his right to file "written objections identifying those portions of the recommendation to which objection is made, and the basis for such objection." It further warned that failure to do so would result in waiver of the right to appeal. Id. at 23. Although he received the R&R (Dkt. No. 52), Heavener has not filed any objections to the recommendation.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Having received no objections to the R&R, the Court has no duty to conduct a de novo review of Magistrate Judge Trumble's findings. Furthermore, following a review of the R&R and the record

for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 51);

2) **GRANTS** the respondent's Motion for Summary Judgment (Dkt. No. 36);

3) **DENIES** the Petition (Dkt. Nos. 1; 16); and

4) **DISMISSES** this case **WITH PREJUDICE.**

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254(a).

The Court finds that it is inappropriate to issue a certificate of appealability in this matter because Heavener has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record,

the Court finds that Heavener has not made the requisite showing, and **DENIES** a certificate of appealability.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both Orders to counsel of record and the <u>pro se</u> petitioner, certified mail and return receipt requested.

DATED: July 30, 2018.

/s/  Irene  M.  Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE